United States District Court
Southern District of Texas
**ENTERED**
January 20, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE ANGEL ACOSTA, III, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00290 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Petitioner, Joe Angel Acosta, III, is a state prisoner incarcerated at the Texas Department of Criminal Justice-Criminal Institutions Division (TDCJ) Estelle Unit in Huntsville, Texas. D.E. 1. He is currently serving a sentence on a 2013 conviction for aggravated assault with a deadly weapon.[1] Proceeding pro se, Acosta filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his 2006 Aransas County conviction for retaliation. D.E. 1, p. 1. He also seeks relief pursuant to *Rhines*[2] to stay this action while he exhausts additional claims in state court. D.E. 17; D.E. 19.

United States Magistrate Judge Mitchel Neurock issued a Memorandum and Recommendation (M&R), recommending that the Court dismiss this action for lack of jurisdiction. D.E. 20. The M&R also recommends that the Court deny Acosta's *Rhines* motions and certificate of appealability (COA). *Id*.; *see* 28 U.S.C. § 2253(c). Pending

---

[1]*Acosta v. State*, No. 13-13-00170-CR, 2014 WL 4401526 (Tex. App.—Corpus Christi Sept. 4, 2014, pet. ref'd)
[2]*Rhines v. Weber*, 544 U.S. 269, 279 (2005)

before this Court are Acosta's objections to the M&R.  D.E. 23.  For the following reasons, the Court **OVERRULES** the objections and **ADOPTS** the Magistrate Judge's M&R.

## STANDARD OF REVIEW

The district court conducts a de novo review of any part of the magistrate judge's disposition that has been properly objected to.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law.  *United States v. Wilson*, 864 F.2d 1219, 1222 (5th Cir. 1989) (per curiam).

## DISCUSSION

**Undeveloped State Court Record.**  Acosta's first objection is that the M&R was decided based on an undeveloped state court record regarding his 2006 conviction.  D.E. 23, p. 1.  The Magistrate Judge confirmed that Acosta was released from custody after the completion of the 2006 sentence, supporting the M&R's disposition that this Court lacks jurisdiction to hear this habeas petition.  D.E. 20, p. 2.  While Acosta maintains that he is still "in custody" with respect to that sentence in a manner other than confinement, he does not controvert the fact that he was released from confinement after that sentence was completed.  Because a substantive review of the state court records is not relevant to the disposition—which depends only on the fact that he is no longer confined—the first objection is **OVERRULED**.

**Lack of Jurisdiction.**  Second, Acosta objects on the basis of a new argument that there exists a "positive and demonstrable" nexus between his current custody under the 2013 conviction and the prior retaliation conviction from 2006 such that his challenge meets the jurisdictional requirements of § 2254.  D.E. 23, p. 1 (citing *Young v. Lynaugh*, 821 F.2d 1133, 1142 (5th Cir. 1987)).  He did not plead this theory prior to the issuance of the M&R; it is therefore waived.  *See Cupit v. Whitley,* 28 F.3d 532, 535 (5th Cir.1994).

Regardless, according to the Fifth Circuit, the *Young* custody test is no longer viable in light of the Supreme Court's decision in *Maleng v. Cook*, 490 U.S. 488, 494 (1989). *Hendrix v. Lynaugh*, 888 F.2d 336, 338 (5th Cir. 1989).  *Maleng* held that a petitioner was not "in custody" for purposes of challenging a conviction for which the sentence had already been served—even if the earlier conviction may be used to enhance the punishment of a subsequent conviction.  *Maleng*, 490 U.S. at 492.  The Court finds that the Magistrate Judge anticipated Acosta's argument and properly relied on the binding precedent of *Maleng* in determining that Acosta is no longer in custody for his 2006 conviction.  D.E. 20, pp. 6-10.  Acosta's second objection is **OVERRULED**.

Third, Acosta objects to the Magistrate Judge's conclusion that his 2006 sentence has been fully served because the TDCJ has not yet provided treatment for his Hepatitis C virus (HCV), which he claims was an official part of his sentence.  D.E. 23, p. 2.  He argues that, because he never received such treatment, he never fully completed his sentence and is therefore still constructively "in custody."  *Id*.

Acosta's argument is without merit. His sentence for this conviction was for five years' imprisonment and was completed when he was released from custody on September 9, 2011. D.E. 20, p. 2. The Court does not construe Acosta's sentence as being extended so as to permit HCV treatment. Extending a sentence for such a purpose is not permitted. *See Tapia v. United States*, 564 U.S. 319, 335 (2011) ("[A] court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation.").

Habeas relief is afforded only to those who are in custody pursuant to the unexpired sentence they challenge. Because Acosta's sentence expired when he was released from custody in 2011, the Court **OVERRULES** Acosta's third objection.

Fourth, Acosta objects to the use of the ten-year period after his release from the 2006 sentence to deny jurisdiction. He argues that he could not bring a state habeas action for the 2006 and 2013 convictions while his petition for certiorari appealing his federal habeas claim for the 2013 conviction was pending, citing the two-forum rule from *Ex parte Soffar*. D.E. 23, p. 2.

*Soffar* bars Texas courts from considering a subsequent state habeas petition while the federal court retains jurisdiction *of the same matter*, unless the federal court has stayed its proceedings. *Ex parte Soffar*, 143 S.W.3d 804, 807 (Tex. Crim. App. 2004). Acosta's federal habeas petition, filed in 2015, only attacked his 2013 conviction.[3] This rule did not

---

[3] *Acosta v. Davis*, No. 2:19-CV-00008, 2019 WL 7568230 (S.D. Tex. July 25, 2019), report and recommendation adopted, No. 2:19-CV-8, 2020 WL 173777 (S.D. Tex. Jan. 13, 2020)

preclude him from challenging his 2006 conviction, the one he is petitioning this Court about, by state habeas while the federal habeas petition for a different conviction was pending.

Moreover, it is not Acosta's delay in seeking relief that is dispositive here. Rather, it is the expiration of his sentence as fully served. Therefore, his two-forum argument has no application here and his fourth objection is **OVERRULED.**

*Rhines* **Stay.** Fifth, Acosta objects to the denial of his request for a *Rhines* stay, arguing that he is still trying to articulate his unexhausted claims. D.E. 23, pp. 2-3. Acosta maintains that (1) his 2006 sentence violates the constitutional prohibition on ex post facto laws, and (2) the state court judge's desire that Acosta get treated for HCV and the TDCJ's denial of this treatment increased his imposed sentence and constituted Eighth Amendment violations. *Id*.

As the Magistrate Judge found, a *Rhines* stay is inappropriate because Acosta has not stated any claim that could revive the Court's jurisdiction to hear this petition. D.E. 20, p. 12. His petition is subject to dismissal not because his claims are unexhausted, but because jurisdiction ended when he was released, having already served his 2006 sentence. Acosta's fifth objection is **OVERRULED**.

**Improper Objection.** Sixth, Acosta claims that the ruling he desires from this Court on his 2006 conviction would make his 2013 sentence automatically illegal under state law. D.E. 23, p. 1. This is not a proper objection to the M&R because Acosta has

failed to adequately address the Magistrate Judge's preliminary finding of lack of jurisdiction. This objection is **OVERRULED**.

**Broadening the Petition.** Seventh, Acosta argues that the Magistrate Judge should have construed his petition liberally to include the 2013 conviction and he now seeks to amend this petition to challenge the 2013 sentence. D.E. 23, p. 1. Acosta does not demonstrate any error in the Magistrate Judge's analysis of his existing petition. According to the M&R, even under a liberal construction of Acosta's petition, the only challenge presented was to the 2006 conviction and the petition could not be contorted to include the 2013 conviction. D.E. 20, pp. 9-10   Even now, Acosta maintains that relief under this petition with respect to his 2006 conviction would automatically (without separate challenge in this case) affect his 2013 conviction and sentence. D.E. 23, p. 1. This assertion acknowledges the delineation between the two convictions and the fact that this petition is aimed at relief only with respect to the 2006 conviction. The Magistrate Judge did not err.

Regarding Acosta's desire to amend the petition, his request is futile. According to the Supreme Court:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 403–04 (2001) (also describing exceptions to this general rule, none of which have been raised by Acosta).

Under this precedent, if this petition were amended to include a challenge to the 2013 conviction, Acosta would still not be permitted to challenge the enhanced 2013 sentence on the ground that the prior 2006 conviction was unconstitutional. Because this amendment would be futile, no amendment of the complaint is warranted. *Foman v. Davis*, 371 U.S. 178, 183 (1962). The Court **OVERRULES** Acosta's seventh objection.

**Certificate of Appealability**. Eighth, Acosta restates his request for a COA with conclusory statements as to the merits of his claims. D.E. 23, p. 3. In doing so, he fails to appropriately challenge the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72(b)(2) (specific objections are required); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (to be considered, the objection must point out with particularity the error in the Magistrate Judge's analysis); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (de novo review does not obtain when a party merely re-urges a prior argument).

Regardless, the Court finds that the Magistrate Judge did not err in this regard. Accordingly, the Court **OVERRULES** Acosta's eighth objection and **DENIES** a COA.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Acosta's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation

to which objections were specifically directed, the Court **OVERRULES** Acosta's objections and **ADOPTS** the Magistrate Judge's findings and conclusions. Accordingly, the Court **DISMISSES** Acosta's petition (D.E. 1). The Court **DENIES** Petitioner's *Rhines* motions. The Court **DENIES** the request for a COA.

ORDERED on January 20, 2023.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE